IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL G. NEWSOM                                                    PLAINTIFF

    v.                                CIVIL NO. 18-2079

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Crystal G. Newsom, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

## I.      Procedural Background:

Plaintiff protectively filed her current application for DIB on September 30, 2015, alleging an inability to work since May 14, 2012,[1] due to damage to the cervical spine, damage to the thoracic spine, damage to the lumbar spine, neuropathy in the legs, osteoarthritis in the back, arthritis, high blood pressure, vision problems, dental problems and depression. (Tr. 89, 227). An administrative hearing was held on October 24, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 50-87).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to July 7, 2014. (Tr. 34, 55).

By written decision dated April 19, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 36). Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension, spondylosis of the cervical spine, degenerative disc disease of the lumbar spine, depression and a generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 36). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she is limited to jobs involving simple tasks and simple instructions with incidental contact with the public.

(Tr. 38). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a router, a cleaner/housekeeper and a price marking clerk. (Tr. 44).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on February 20, 2018. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Claimant must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

3

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if the final stage is reached does the fact finder consider the Claimant's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ determined Plaintiff was able to perform light work with limitations.  After thoroughly reviewing the record, the undersigned is troubled by the fact that the ALJ noted the general physical examination performed on November 16, 2016, but

4

the ALJ failed to address the limitations determined by the examiner.  After examining

Plaintiff, the examiner noted as follows:

> Needs to be evaluated by psychiatrist.  Needs to optimize medical regiment, can't perform safety-sensitive duties on this amount of mind-altering meds. Needs PT/vocational rehabilitation.

(Tr. 848).  The Court further notes, at this November 2016 examination, Plaintiff was found to

have a forty percent grip strength, bilaterally.  (Tr. 847).  It is also noteworthy that the non-

examining medical consultants relied upon by the ALJ performed their assessments in

December of 2015, and March 28, 2016, respectively. After reviewing the record, the Court

believes remand is necessary for the ALJ to more fully and fairly develop the record regarding

Plaintiff's physical RFC for the time period in question.

On remand, the ALJ is directed to address interrogatories to a medical professional

requesting that said physician review Plaintiff's medical records; complete a RFC assessment

regarding Plaintiff's capabilities during the time period in question; and give the objective basis

for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform

basic work activities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically

list in a hypothetical to a vocational expert any limitations that are indicated in the RFC

assessments and supported by the evidence.

## IV.    Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ

and remanding this case to the Commissioner for further consideration pursuant to sentence

four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).**

**The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of April 2019.


/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE